AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Villaney PEREZ-CRUZ | ) |
| | ) |
| *Defendant(s)* | ) |

Case No.

1:18MJ - 88

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January - February, 2018___ in the county of ___Hamilton___ in the
___Southern___ District of ___Ohio___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1)(A), (b)(1)(A) | Possession with Intent to Distribute 1000 Grams or More of Heroin |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Philip V. Brown, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/9/18

_____
*Judge's signature*

City and state: ___Cincinnati, Ohio___

Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF A CRIMINAL COMPLAINT AND ARREST WARRANT FOR:<br>**Hugo ALTUNAR-Jimenez**<br>**Villaney PEREZ-Cruz** | Case No. _____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Philip V. Brown, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is submitted in support of a criminal complaint and arrest warrant for the following individuals: Hugo ALTUNAR-Jimenez; Villaney PEREZ-Cruz,

as follows:

a. Charging ALTUNAR-Jimenez with possession with intent to distribute 1000 grams or more of a mixture or substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1)(A) and (b)(1)(A); and

b. Charging PEREZ-Cruz with possession with intent to distribute 1000 grams or more of a mixture or substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1)(A) and (b)(1)(A).

This affidavit is submitted for the limited purposes of demonstrating probable cause and therefore I have not revealed each and every fact I know about this investigation. A review of ALTUNAR-Jimenez's criminal history revealed the following: ALTUNAR-Jimenez was convicted of Alien Inadmissibility in April 2006. In June 2010, December 2012, July 2013, February 2015, July 2016, September 2016 ALTUNAR-Jimenez was convicted of Re-Entry of Removed Alien / Deportable

Alien. In January 2015, ALTUNAR-Jimenez was convicted of Sexual Battery and sentenced to serve 2 years confinement.

2.      A review of PEREZ-Cruz's criminal history revealed the following: PEREZ-Cruz was convicted of Public Disorderly Conduct (misdemeanor) and Alien Inadmissibility in June 2011. In November 2011, PEREZ-Cruz was convicted of public drunkeness (misdemeanor).

3.      I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since August 2010. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18, of the United States Code.

4.      I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 19-week Basic Agent Training course. This training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and, the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations. I also received additional formal training from DEA to include an Internet Telecommunications Exploitation Program, which was specifically designed to assist agents in identifying and subsequently exploiting internet related devices utilized in the commission of a Controlled Substance Act (CSA) violation.

5.      As a DEA agent, I have participated in over 75 criminal investigations and in the execution of over 100 search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code). These warrants covered the search of locations to include:

2

residences of drug traffickers and their co-conspirators/associates; drug manufacturing operations; and, stash houses used as storage and distribution points for controlled substances.

## PROBABLE CAUSE

1.      In January 2018, agents and officers with the DEA initiated an investigation into a heroin trafficking organization that was later determined to consist of Hugo ALTUNAR-Jimenez and Villaney PEREZ-Cruz. During the investigation, Antonio ROGERS conducted controlled calls to a member of the DTO by using telephone number 614-427-9483. ROGERS was initially arrested by the Cincinnati Police Department and agreed to cooperate with investigators. However, after a controlled purchase of approximately two ounces of heroin that occurred on February 1, 2018, ROGERS stopped cooperating with law enforcement and has been unable to contact. Analysis of the suspected heroin from the controlled purchase conducted by the Hamilton County Crime Laboratory confirmed that the substance consisted of approximately 56.7 grams of heroin.

2.      In February 2018, investigators with the DEA Columbus District Office sought a geo location order from the Franklin County Court of Common Pleas for phone: 614-427-9483. According to geo-location information, investigators learned that the phone was primarily located at 3645 Lincoln Road, Grove City, Ohio, during the overnight hours. This is the residence identified as being used by PEREZ-Cruz. In addition, law enforcement officers confirmed that phone: 614-427-9483 was used by PEREZ-Cruz through a combination of surveillance and the geo-location information.

3.      On February 5, 2018, officers conducting surveillance at 3645 Lincoln Road, Grove City, Ohio, observed PEREZ-Cruz depart the residence. Agents confirmed that phone: 614-427-9483 departed the area and traveled in the same direction as PEREZ-Cruz. Based on this information, I believe that PEREZ-Cruz was the individual that used phone: 614-427-9483 and coordinated the

distribution of heroin to ROGERS on February 1, 2018.

4.     According to geo-location information, phone: 614-427-9483 was located in the area of 3645 Lincoln Road, Grove City, Ohio on the morning of February 8, 2017. Between 10:00 a.m., and 11:15 a.m., phone: 614-427-9483 traveled from the vicinity of 3645 Lincoln Road, Grove City, Ohio towards the Cincinnati, Ohio area. Surveillance agents observed a silver Nissan Altima, displaying Ohio license plate: HGL4506, traveling in conjunction with the geo-location information from phone: 614-427-9483. Two Hispanic males, later identified as PEREZ-Cruz and ALTUNAR-Jimenez, were observed as the two occupants of the vehicle. At approximately 11:15 a.m., Ohio State Highway Patrol Trooper Steven Ilo conducted a traffic stop on the vehicle and identified the driver of the vehicle as ALTUNAR-Jimenez and the passenger as PEREZ-Cruz. ALTUNAR-Jimenez got out of the vehicle and a pat-down search of ALTUNAR-Jimenez revealed approximately two ounces of suspected heroin on his person. ALTUNAR-Jimenez was placed into handcuffs and arrested at that time. PEREZ-Cruz got out of the passenger seat of the vehicle and was detained at the scene. A search of the vehicle revealed approximately a kilogram size amount of suspected heroin located in the glovebox of the vehicle. According to PEREZ-Cruz, ALTUNAR-Jimenez picked up PEREZ-Cruz earlier in the day and they were headed to Cincinnati, Ohio in order to pick-up money. When asked what vehicle PEREZ-Cruz had, PEREZ-Cruz described the same vehicle that showed up to the controlled purchase on February 1, 2018 and distributed heroin to ROGERS. PEREZ-Cruz further stated that on February 1, 2018, ALTUNAR-Jimenez paid PEREZ-Cruz $200 to drive him to the location of the transaction.  During the interview after the traffic stop on February 8, PEREZ-Cruz claimed to officers that he was not aware that he was involved in a drug transaction. However, on February 1, 2018, immediately after that transaction was consummated, ROGERS informed law enforcement officers that the person

with whom he exchanged the money for the heroin was PEREZ-Cruz.

5.     Because of the previous purchase of heroin coordinated through a phone determined to be used by PEREZ-Cruz on February 1, 2018, the surveillance of PEREZ-Cruz and phone: 614-427-9483 located at 3645 Lincoln Road, Grove City, Ohio, and the traffic stop of PEREZ-Cruz and ALTUNAR-Jimenez on February 8, 2018, where more than a kilogram of suspected heroin was located, I believe that PEREZ-Cruz, ALTUNAR-Jimenez and others are involved in the distribution of heroin throughout the Southern District of Ohio.

## CONCLUSION

6.     Based on evidence obtained as a result of this investigation, I believe probable cause exists that Hugo ALTUNAR-Jimenez and Villaney PEREZ-Cruz possessed with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Respectfully submitted,

Philip V. Brown
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 9th day of February 2018.

HONORABLE KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

5